UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HINTON M. WATERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:94-CR-068 |
| | )      3:20-CV-351 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

On August 5, 2020, Hinton M. Waters ("Petitioner"), acting *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 238 U.S.C. § 2255. [Doc. 1; Criminal ("Crim") Doc. 279].[1] The United States has responded, agreeing with Petitioner's motion and requesting the Court to vacate Petitioner's convictions and sentences on Counts 4 and 8 and resentence him on the other counts after recalculating the applicable guideline range and conducting a hearing. [Doc. 7]. Both parties agree that after *United States v. Davis*, 139 S. Ct. 2319 (2019), the underlying "crimes of violence" for Counts 4 and 8 were categorized as such based on the "residual clause" which was deemed unconstitutional as it was too vague to be enforced fairly. Thus, Petitioner's convictions on these Counts are void and should be vacated.

---

[1] Document numbers not otherwise specified refer to the civil docket.

Accordingly, Petitioner's § 2255 motion [Doc. 1; Crim Doc. 279], will be **GRANTED**, and the judgment imposed by the Court on August 8, 1995 for Counts 4 and 8 of the Indictment [Crim. Doc. 208] will be **VACATED**.

Section 2255(b) gives courts discretion, upon the granting of a § 2255 motion, to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). In this case, the Court finds it appropriate to resentence Petitioner.

On August 12, 2020, one week after Petitioner initially filed his § 2255 motion, Assistant Federal Defender Jennifer Niles Coffin entered her appearance on behalf of Petitioner [Doc. 4]. Therefore, absent any contrary indication by the Federal Defender Services of Eastern Tennessee ("FDS"), the Court assumes that the appointment of FDS, under the Standing Order of February 11, 2016, SO-16-02, to represent Petitioner in connection with his *Davis*-based claim will continue through the resentencing. An order setting out the procedure for resentencing will follow.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge